**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | |
|---|---|
| ALBERT R. THOMPSON, SR., | ) |
| | ) C.A. NO.: N18C-11-107 AML |
| Plaintiff, | ) |
| | ) JURY TRIAL OF 12 DEMANDED |
| v. | ) |
| | ) |
| SELECT SPECIALTY HOSPITAL- | ) |
| WILMINGTON, INC. | ) |
| | ) |
| Defendant. | ) |

Submitted: March 25, 2019
Decided: March 28, 2019

## ORDER

### Upon Review of the Affidavit of Merit – Accepted

On March 25, 2019, Defendant Select Specialty Hospital-Wilmington, Inc. filed a motion asking the Court to review Plaintiff's affidavit of merit, *in camera*, to determine whether it complies with 18 *Del. C.* §§ 6853(a)(1) and (c).[1]

Specifically, Defendant asked the Court to determine whether the affidavit: (1) is signed by an expert witness; (2) is accompanied by a *curriculum vitae*; (3) gives an opinion that there has been a breach in the standard of care by the Defendant, including its employees; (4) gives an opinion that each breach against each defendant was a proximate cause of the injuries alleged in the complaint; and (5) indicates the expert is licensed to practice medicine as of the date of the affidavit,

---

[1] 18 *Del. C.* § 6853(d).

1

and the affidavit or *curriculum vitae* establishes that the expert, for the three years preceding the alleged negligent act, has been engaged in the treatment of patients and/or in the teaching/academic side of medicine in the same or similar field of medicine at issue in this case, which is nursing.

In Delaware, a healthcare negligence lawsuit must be filed with an affidavit of merit, signed by an expert, and accompanied by the expert's current *curriculum vitae*.[2] The expert must be licensed to practice medicine as of the affidavit's date and engaged in the same or similar field as the defendant in the three years immediately preceding the alleged negligence.[3] The affidavit must state that reasonable grounds exist to believe the defendant was negligent in a way that proximately caused the plaintiff's injury.[4] The statute's requirements are minimal. Accordingly, an affidavit of merit tracking the statutory language complies with the statute.[5]

After *in camera* review, the Court finds:

1. An expert signed the affidavit;

2. The affidavit was accompanied by a current *curriculum vitae*;

---

[2] *Id.* § 6853(a)(1).
[3] *Id.* § 6853(c).
[4] *Id.*
[5] *See Dishmon v. Fucci*, 32 A.3d 338, 342 (Del. 2011) ("In order to satisfy the *prima facie* burden, an Affidavit of Merit must only contain an expert's sworn statement that medical negligence occurred, along with confirmation that he or she is qualified to proffer a medical opinion.").

3. The expert is licensed to practice medicine as of the date of the affidavit;

4. In the three years preceding the negligent acts, the expert was engaged in the treatment of patients and in the teaching/academic side of medicine in a similar field of medicine at issue in this case;

5. The affidavit states that there are reasonable grounds to believe the applicable standard of care was breached by Defendant, including its employees; and

6. The expert states the identified breaches of the standard of care proximately caused Thompson's injury as alleged in the complaint.

Considering the above, the Court finds that the affidavit of merit complies with 18 *Del. C.* §§ 6853(a)(1) and (c) as to Defendant Select Specialty Hospital-Wilmington Inc.

**IT IS SO ORDERED.**

_____
Abigail M. LeGrow, Judge

Original to Prothonotary
cc:   Stephen J. Milewski, Esquire
      James J. Meehan, Esquire

3